**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ | ) | |
| **JOHN DOE,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | **NO.  4:19-40050-TSH** |
| | ) | |
| **CLARK UNIVERSITY, DAVID P.** | ) | |
| **ANGEL, PH.D., NADJA JOHNSON, PH.D.,** | ) | |
| **LYNN S. LEVEY, ADAM J. KEYES,** | ) | |
| **HOLLY DOLAN, EVETTE WALTERS,** | ) | |
| **JEFFREY MCMASTER, CHERILYN** | ) | |
| **BONIN, JANE SMITH, & DAVIS BAIRD,** | ) | |
| **PROVOST,** | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS (Docket No. 29)**

**December 4, 2019**

**HILLMAN, D.J.**

John Doe ("Plaintiff") filed this action against Jane Smith ("Ms. Smith"), among others, for defamation.  (Docket No. 1).  Ms. Smith moves to dismiss the claim against her.  Because Plaintiff has alleged facts demonstrating plausible entitlement to relief, the Court _**denies**_ Ms. Smith's motion.  (Docket No. 29).

**Background**

The following facts are taken from Plaintiff's Complaint (Docket No. 1) and assumed true for the purposes of this motion.

Ms. Smith was Plaintiff's peer guide and mentor during his freshman year at Clark University.  (Docket No. 1 at 4).  Shortly after midnight on September 22, 2018, Ms. Smith and Plaintiff made plans to meet at Ms. Smith's dorm room.  (Docket No. 1 at 4).  The two became

intimate, and Ms. Smith conditioned her consent on Plaintiff wearing a condom.  (Docket No. 1 at 4).  Plaintiff wore a condom during intercourse but removed it afterwards.  (Docket No. 1 at 4).  Seeing Plaintiff without a condom, Ms. Smith questioned whether he had removed it during intercourse, and Plaintiff denied doing so.  (Docket No. 1 at 4).

The next afternoon, Plaintiff texted Ms. Smith, "Hey, you good?"  (Docket No. 1 at 5).  Ms. Smith did not respond.  (Docket No. 1 at 5).  Plaintiff texted her again a few hours later, and Ms. Smith replied, "Come now."  (Docket No. 1 at 5).  When Plaintiff arrived at her dorm building, Ms. Smith told Plaintiff that she had obtained a "morning after" pill and asked him to contribute to the $68 cost.  (Docket No. 1 at 5).  She reiterated her request by text message later that day, writing, "I expect the money by Tuesday absolute latest.  It is not fair that only I am expected to pay for what you did.  What you did is not only unforgivable but non-consensual (which you have learned all about if you didn't skip all of your meetings during [w]eek one.)  I have every right to go to the school and report you.  [D]on't give me another reason to."  (Docket No. 1 at 5).  Although Plaintiff maintained that he had not removed the condom during intercourse, he paid the sum Ms. Smith requested.  (Docket No. 1 at 5).

Ms. Smith reported the incident to Clark University staff members, who investigated her complaint.  (Docket No. 1 at 5–6).  During the investigation, Clark University did not provide Plaintiff with any opportunity to view Ms. Smith's complaint or to cross-examine her.  (Docket No. 1 at 6).  Clark University ultimately found Plaintiff responsible for violating its Sexual Offense policy and sanctioned him.  (Docket No. 1 at 9).  Specifically, Clark University barred Plaintiff from all student leadership positions for a year, imposed a one-year no-contact order as to Ms. Smith, and required Plaintiff to participate in remedial training.  (Docket No. 1 at 9).  Plaintiff failed to complete the assigned remedial training, and Clark University froze his student

account, preventing him from registering for fall classes or applying for student housing. (Docket No. 1 at 11–12).  Ms. Smith also allegedly disclosed her complaint and the resulting sanctions to members of the student body.  (Docket No. 1 at 12, 23).

Plaintiff filed the present action with this Court on April 5, 2019.  (Docket No. 1).  Ms. Smith moved to dismiss on August 28, 2019.  (Docket No. 26).

## Legal Standard

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc*., 199 F.3d 68, 69 (1st Cir. 2000).  To survive the motion, the complaint must allege "a plausible entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## Discussion

### 1.  Defamation

In his complaint, Plaintiff asserts that Ms. Smith defamed him "by claiming he had sexually assaulted and exploited her by engaging in intercourse with her without her consent, given that a condition of her consent was that he use protection."  (Docket No. 1 at 22).  In

Massachusetts, to establish a claim for defamation, a plaintiff must prove (1) "[t]he defendant made a statement, concerning the plaintiff, to a third party," (2) "[t]he statement could damage the plaintiff's reputation in the community," (3) "[t]he defendant was at fault in making the statement," and (4) "[t]he statement either caused the plaintiff economic loss . . . or is actionable without proof of economic loss." *Ravnikar v. Bogojavlensky*, 438 Mass. 627, 629–30 (2003). "Four types of statements are actionable without proof of economic loss: statements that constitute libel; statements that charge the plaintiff with a crime; statements that allege that the plaintiff has certain diseases; and statements that may prejudice the plaintiff's profession or business." *Id.* at 630 (internal citations omitted).

Ms. Smith contends that Plaintiff has not shown plausible entitlement to relief for defamation. (Docket No. 30 at 6). The Court disagrees. Plaintiff alleges that Ms. Smith "claim[ed] he had sexually assaulted and exploited her by engaging in intercourse with her without her consent, given that a condition of her consent was that he use protection." (Docket No. 1 at 22). Plaintiff also alleges that Ms. Smith communicated that statement to Clark University staff members and members of the student body. (Docket No. 1 at 12, 23). Finally, Plaintiff alleges that he informed Ms. Smith several times that he had not removed the condom during sex and that Ms. Smith made her accusation "knowing that [it] was false or defamatory, or with reckless disregard as to its truth or falsity."[1] (Docket No. 1 at 23). Thus, he has pled facts that, taken as true, establish the first three prongs of the defamation standard.

---

[1] Ms. Smith contends that her accusation was true. (Docket No. 30 at 7). At this stage in the proceedings, however, the Court must adopt the Plaintiff's well-pleaded factual allegations. Thus, for the purposes of this motion, the Court must accept that Plaintiff informed Ms. Smith that he did not remove the condom during intercourse and that Ms. Smith made a knowingly false report that he sexually assaulted and exploited her.

Ms. Smith correctly notes that Plaintiff has not established proof of economic loss. (Docket No. 30 at 6).  Plaintiff argues that he need not show economic loss because Ms. Smith's accusations charge him with indecent assault and battery on a person over 14 years old under § 13H of Chapter 265 of the Massachusetts General Laws.[2]  (Docket No. 36 at 5).  The Court agrees.  While Plaintiff does not mention § 13H in his complaint or suggest that Ms. Smith specifically accused him of violating § 13H, sexual assault is a well-known crime.  Ms. Smith's accusations that Plaintiff had sex with her without valid consent are therefore "fairly susceptible of the meaning" that Plaintiff committed a crime.  *See Lynch v. Lyons*, 303 Mass. 116, 122 (1939); *see also Draghetti v. Chmielewski*, 416 Mass. 808, 812 (1994).  Accordingly, Plaintiff has established plausible entitlement to relief even without any allegation of economic harm.

## 2.  *Absolute or Qualified Privilege*

Ms. Smith contends that her statements to Clark University staff members are privileged. (Docket No. 30 at 8).  The Court declines to decide the issue of privilege at this stage in the proceedings.  Even if the Court found that students filing Title IX complaints with their colleges and universities were entitled to a qualified privilege,[3] this Court would need a more fulsome development of the factual record to determine if Ms. Smith could claim the benefit of that privilege.

---

[2]    An individual assaults and batters a victim under § 13H when he intentionally commits an "intentional, unprivileged and indecent touching of the victim."  *Com. v. Mosby*, 30 Mass. App. Ct. 181, 184 (1991) (internal quotation marks omitted).

[3]    To the extent Ms. Smith advocates for an absolute privilege rather than a qualified privilege, the Court rejects her argument.  The proceeding before Clark University lacked the procedural protections that typically justify the grant of an absolute privilege, e.g., sworn testimony, oversight by a judge, or cross-examination.  *Dear v. Devaney*, 83 Mass. App. Ct. 285, 291 (2013); *Ezekiel v. Jones Motor Co.*, 374 Mass. 382, 386–87 (1978).  Ms. Smith, moreover, has not shown the need for an absolute privilege to encourage students to speak openly.

*3. SLAPP Litigation*

Ms. Smith argues that Plaintiff filed this lawsuit to punish her for exercising her constitutional rights in violation of Strategic Litigation Against Public Participation ("SLAPP"), M.G.L. c. 231 § 59H.  (Docket No. 30 at 11).  The Court declines to decide the SLAPP issue at this stage in the proceedings.  No Massachusetts court has held that Title IX proceedings constitute the "petitioning" necessary for a SLAPP motion to dismiss under Massachusetts law, and the Court will not adopt this rule in the first instance without a more developed factual record.

### Conclusion

For the reasons stated above, the Court ***denies*** Ms. Smith's motion to dismiss (Docket No. 26).

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**