UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
**JOHN DOE,**                                )
                 **Plaintiff,**    )    **CIVIL ACTION**
**v.**                                       )    **NO.  4:19-40050-TSH**
                                       )
**CLARK UNIVERSITY, DAVID P.**     )
**ANGEL, PH.D., NADJA JOHNSON, PH.D.,** )
**LYNN S. LEVEY, ADAM J. KEYES,**    )
**HOLLY DOLAN, EVETTE WALTERS,**   )
**JEFFREY MCMASTER, CHERILYN**    )
**BONIN, JANE SMITH, & DAVIS BAIRD,** )
**PROVOST,**                            )
                 **Defendants.**   )
_____ )

**ORDER**

**February 19, 2020**

**HILLMAN, D.J.**

      This Court hereby orders that the joint motion for a protective order of confidentiality (Docket No. 45) is **_granted_** insofar as it governs the exchange of documents and information between plaintiff John Doe and defendants Clark University and Jane Smith.  But insofar as it seeks to govern the use of confidential information in any court proceeding or court filing, nothing in the protective order shall limit this Court's power to make orders concerning the disclosure or impoundment of documents produced in discovery or at trial.  To that end, a party seeking to file such documents under seal shall make a particularized showing for the need for impoundment.

      In so ruling, this Court is guided by First Circuit precedent and Local Rule 7.2.  Because the public has a "presumptive" right of access to judicial documents, *see United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013), "only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access," *id.* (quoting *In re*

*Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002)) (internal quotation marks omitted). The burden is thus on the impoundment-seeking party to show that impoundment will not violate the public's presumptive right of access. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."); *Miller v. City of Bos.*, 549 F. Supp. 2d 140, 141 (D. Mass. 2008) ("The proponent of a Protective Order bears the burden of establishing 'good cause' for its continuation." (internal citation omitted)). For that reason, when seeking to file any confidential information under seal, a party must show this Court good cause for the impoundment. *See Kravetz*, 706 F.3d at 60. Specifically, the party seeking impoundment must make "a particular factual demonstration of potential harm, not . . . conclusory statements," *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412 (1st Cir. 1987) (quoting *Anderson v. Cryovac, Inc*., 805 F.2d 1, 7 (1st Cir. 1986)), as to why a document should be sealed, *see Cyrovac*, 805 F.2d at 7. This Court "will not enter blanket orders" for impoundment. L.R. 7.2(e).

**SO ORDERED**

                                                    */s/ Timothy S. Hillman*
                                                   **TIMOTHY S. HILLMAN**
                                                   **DISTRICT JUDGE**