UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>      Plaintiff,<br><br>v.<br><br>CLARK UNIVERSITY, DAVID P. ANGEL, Ph.D., NADJA JOHNSON, Ph.D., LYNN S. LEVEY, ADAM J. KEYES, HOLLY DOLAN, EVETTE WALTERS, JEFFREY McMASTER, CHERILYN BONIN, JANE SMITH, and DAVIS BAIRD, PROVOST,<br>      Defendants. | C.A. No.: 4:19-cv-40050-TSH |

**PROTECTIVE ORDER OF CONFIDENTIALITY**

The plaintiff John Doe and defendants Clark University and Jane Smith (collectively, the "Parties" or singularly, a "Party") hereby stipulate and agree to, and the Court hereby ORDERS as follows:

1. Any Party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains private or confidential personal information (including, but not limited to, student discipline records and related audio-recordings and records, and any records protected under FERPA, and medical records protected under HIPAA), or (b) that contains information received in confidence from third parties, or (c) that contains confidential business information, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure. Any Party or any third party covered by this Order who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same "CONFIDENTIAL" (hereinafter "Confidential").

2.  All Confidential material shall be used by the receiving Parties solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Parties for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Parties to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for all Parties or by Order of the Court.

3.  Confidential material and the contents of Confidential material may be disclosed only to the following individuals and under the following conditions:

    a.  Outside counsel (herein defined as any attorney at a Party's outside law firms) and relevant in-house counsel (if any) for the Parties, as well as the Party's insurers (if any);

    b.  Outside experts, potential experts, or consultants for a Party for purposes of this action, provided they have been advised of and have agreed to the confidentiality requirements of this Order;

    c.  Secretarial, paralegal, clerical, information-technology, or litigation-support personnel of the foregoing;

    d.  The Court and Court personnel, *in camera* or filed under seal, and not through public ECF;

    e.  Any deponent may be shown or examined on any information, document, or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the Party who produced the information, document, or thing, or if the deponent agrees to maintain the confidentiality of the

      information, document, or thing designated Confidential and use or refer to same only in the context of this lawsuit, or if the producing Party consents to such disclosure;

    f.    Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial, hearings, and/or alternative dispute resolution, including but not limited to mediators, court reporters, stenographers, videographers, outside litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff and/or clerical employees whose duties and responsibilities require access to such materials;

    g.    The Parties to this lawsuit. In the case of Parties that are corporations or other business entities, Party shall include employees who are required to participate in decisions with reference to this lawsuit; and

    h.    The mother, father, and/or other legal guardian(s) of plaintiff John Doe and defendant Jane Smith, provided they have they have been advised of and have agreed to the confidentiality requirements of this Order.

    4.    Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) counsel for the Party or the Parties asserting confidentiality waive the claim of confidentiality in writing, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential material of a Party, any Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by written agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (g), and (h) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (g) and (h) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

6. If a Party wishes to file or submit to the Court any Confidential material, the Party must do so only with leave of the Court as per Rule 7.2 of the Local Rules. Confidential material may not be filed electronically through ECF or otherwise in the Court's public docket unless or until (a) the Party that designated the material as Confidential has consented in writing, or (b) the Confidential designation has been revoked by Order of the Court. This Order shall not, however, limit the right of each Party to disclose its own materials it designated Confidential, including by filing in the Court's public docket or through ECF, which shall not result in waiver of confidentiality as to the subject matter or related materials, but shall result in waiver as to the specific material(s) disclosed in the public record.

7. If any Party objects to the designation of materials or categories of materials designated as Confidential, counsel for that Party shall inform counsel for all other Parties, providing such information and the basis for the objection. Ten (10) days thereafter, if the Parties

have not resolved the dispute, the Party or Parties may bring the matter to Court for resolution. The Party objecting to the designation of materials as Confidential may file a motion with the Court, and the Party designating the materials as Confidential bears the burden of establishing that application of this Order to such materials is appropriate.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document, or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties or a third party to whom the material was disclosed that the material should have been designated Confidential. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Protective Order.

9. When the inadvertent or mistaken disclosure of any information, document, or thing protected by attorney-client privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Parties, the receiving Parties' treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing Party of any claims of attorney-client privilege or work-product immunity, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of privilege if

appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

10.     No information that is in the public domain or which is or becomes available to a Party from a source other than the Party asserting confidentiality, which source was and is rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Order.

11.     This Order shall not deprive any Party of its right or ability to object to discovery by any other Party on any otherwise permitted ground. The Parties reserve the right to object to the relevance and admissibility of any document, information, or material produced or exchanged in the course of discovery in this litigation, whether or not marked Confidential. This Order is being entered without prejudice to the right of any Party to move the Court for modification of or for relief from any of its terms.

12.     This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

13.     Within thirty (30) days of the final conclusion of this litigation, including any appeals thereof, each Party or other individual subject to the terms hereof shall destroy and certify in writing the destruction of, or return to the originating source, all originals and unmarked copies of documents and things containing Confidential material and destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order.  To the extent a Party requests the return of Confidential material from the Court after the

final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.

14. The Parties stipulate and agree that this Proposed Protective Order shall be binding on the Parties and their representatives pending the Court's approval and entry as an Order of the Court. Should the Court reject the Proposed Protective Order, the Parties agree to work in good faith to prepare a new proposed order intended to meet the approval of the Court and the Parties.

DATED: 2/29/20                    SO ORDERED

                                  /s/ Timothy S. Hillman
                                  United States District Court Judge