**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | **NO.  4:19-40050 TSH** |
| | ) | |
| **CLARK UNIVERSITY, DAVID P.** | ) | |
| **ANGEL, Ph.D., NADJA JOHNSON, Ph.D.,** | ) | |
| **LYNN S. LEVEY, ADAM J. KEYES,** | ) | |
| **HOLLY DOLAN, EVETTE WALTERS,** | ) | |
| **JEFFREY MCMASTER, CHERILYN** | ) | |
| **BONIN, JANE SMITH, and DAVID** | ) | |
| **BAIRD, PROVOST,** | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER ON SMITH'S HEALTH CENTER RECORDS PRODUCED FOR IN CAMERA REVIEW

**MAY 17, 2021**

**HILLMAN, D.J.,**

I have reviewed the September 22, 2018 to December 31, 2018 Health Center records of Jane Smith, which were produced to the Court for *in camera* review pursuant to my April 22, 2021 Order.  (Docket No. 78).  I find that the information contained in the records is relevant to Smith's truth defense to Doe's defamation claim.

Doe alleges that Smith defamed him by telling Clark University employees and other third parties in the Clark community that he engaged in nonconsensual sex with Smith by removing his condom during intercourse.  Because Smith discussed Doe's condom use with employees at the Health Center, these records speak to the truthfulness of Smith's statements about Doe.  Smith shall therefore produce the Health Center records to Doe within seven (7) days.  The Court reminds the parties that they remain subject to the protective order entered at Docket No. 47.

**SO ORDERED.**

_**/s/ Timothy S. Hillman**_
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**