UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 4:19-cv-40050-TSH

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| CLARK UNIVERSITY, DAVID P. ANGEL, | ) |
| Ph.D., NADJA JOHNSON, Ph.D., LYNN S. | ) |
| LEVEY, ADAM J. KEYES, HOLLY DOLAN, | ) |
| EVETTE WALTERS, JEFFREY McMASTER, | ) |
| CHERILYN BONIN, JANE SMITH, and | ) |
| DAVIS BAIRD, PROVOST. | ) |
| | ) |
|     Defendants | ) |

PLAINTIFF'S OPPOSITION TO CLARK UNIVERSITY'S MOTION FOR SUMMARY JUDGEMENT

Now comes the Plaintiff and he respectfully requests this Honorable Court to deny Clark University's motion for summary judgment.

Plaintiff does not have a smoking gun statement by the University or its agents showing gender bias played a role in the outcome of the sexual misconduct accusation against the Plaintiff brought by another student. The Board found Doe responsible for having sex with another student without a condom – without her knowledge or consent. But it did so based almost exclusively based on the accuser's claim that after their sexual encounter she took a shower in order to wash him "off of me" from which the board concluded she had semen on her body after the sex. This was taken as proof positive that Doe ejaculated into the accuser without a condom on. The board reached this conclusion without in the least probing to learn where on the accuser Jane Smith's body she had found semen. Years later she stated it was on her leg, not in the pubic area.

1

The notion that semen outside of the body is proof positive of male ejaculation into the vaginal tract is baseless. It can more plausibly be attributed to ejaculation outside the vagina, or to ejaculation into a condom and a subsequent spill. That the board made this choice without inquiry to establish with some clarity Smith's claim of fact was irrational, arbitrary, and capricious. The only facts that Smith could attest to as a percipient witness were that shortly after they had sex she saw Doe without a condom (he claims he had removed it immediately after terminating the sex) and that she had semen on her body. From these alleged observations she surmised she had been subjected to unprotected sex.

Doe, on the other hand, stated as a percipient witness that he never penetrated Smith without a condom. The only plausible reason to take her surmise over his percipient denial would be to assume that as a male he was motivated to dispense with a condom, dispensing with her interest in health and protection for the sake of his pleasure. This is a gender based decision demonstrating bias against Doe as a male.

This scenario also offends Doe's rights under the law of Contract and the Implied Covenant of good faith. Here the movant takes pains to assure the Court that obligations of a private institution under contract do incur the legal obligations of due process. Clark would have the Court treat the obligations of basic fairness as satisfied solely based on adherence to procedure with no substance of fairness.

In further opposition to the motion Plaintiff states as follows:

FACTS

THE SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S.Ct. 2097 2110, 147 L.Ed.2d 105 (2000) (discussing standard for granting judgment as a matter of law under Fed.R.Civ.P. 50, which is the "same" as the standard for granting summary judgment under Rule 56). "[T]he court should give credence to the 'evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted . . ." *Id*. (citations omitted).

In other words, courts must consider the entire record, but "disregard all evidence favorable to the moving party that the jury is not required to believe." Hinson v. Clinch Cty. GA Bd. Educ., 231 F.3d 821 (11th Cir. 2000).

CONTRACT AND THE COVENANT OF GOOD FAITH

In the educational context a contractual relationship exists between the student and the institution providing that in exchange "for tuition and the student's compliance with university rules, the university will not act 'arbitrarily or capriciously' in disciplining a student. Coveney v. President & Trustees of the College of the Holy Cross, 388 Mass. 16, 19 (1983).

A covenant of good faith and fair dealing is implied in every contract. UNO Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385, 805 N.E.2d 957 (2004). The covenant provides that "neither party shall do anything that will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract." Anthony's Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 471-472, 583 N.E.2d 806 (1991) (quotations omitted). "[T]he purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed

expectations of the parties in their performance." UNO Restaurants, 441 Mass. at 385, 805 N.E.2d 957.

A party may breach the covenant of good faith and fair dealing implicit in every contract without breaching any express term of that contract. Marx v. Globe Newspaper Co., Inc., 13 Mass. L. Rep. 190, \*\*10-11 (Mass.Super.2001); see Fortune v. National Cash Register Co., 373 Mass. 96, 101, 105, 364 N.E.2d 1251 (1977). Otherwise, the implied covenant would be a mere redundancy. The essential inquiry is whether the challenged conduct conformed to the parties' reasonable understanding of performance obligations, as reflected in the overall spirit of the bargain, not whether the defendant abided by the letter of the contract in the course of performance. Marx, 13 Mass. L. Rep. at \*\*10-11; Larson v. Larson, 37 Mass.App.Ct. 106, 110, 636 N.E.2d 1365 (1994). The duty involves the manner of performance  Uno Rests., Inc. v. Boston Kenmore Realty Corp., 805 N.E.2d 957, 964 (Mass. 2004)

The covenant may not be invoked to create rights and duties not contemplated by the provisions of the contract or the contractual relationship. UNO Restaurants, 441 Mass. at 385-386, 805 N.E.2d 957.  But that does not give a party unfettered discretion in applying the contract.  *See* Anthony's Pier Four, 411 Mass. at 471-473, 583 N.E.2d 806 (covenant breached where one party used a discretionary right under the contract as pretext to extract price concessions) and Fortune, 373 Mass. at 104-105, 364 N.E.2d 1251 (covenant breached where employer discharged employee under an at-will employment contract before employee could collect a portion of the sales commissions owed to him).

Here Doe was entitled to a measure of competence and neutrality in the investigation and disposition of the accusation against him. He did not get that.

4

The investigation did not focus on the core issue, how Smith supposedly knew she had been subjected to unprotected sex. SOF 10.  There was no curiosity by investigators or board members as to what part of Smith's body bore semen.  Its presence in the pubic area arguably might be taken as corroboration of ejaculation into the vaginal tract.  When the board ruled the members had no idea where the semen supposedly was.  Years after the hearing smith alleged it was on a leg, which does not credibly demonstrate vaginal ejaculation or rule out alternative scenarios.

Here, at the instance of the board's non-voting chair the board did not consider Smith's demand to Doe for money and his grudging payment of half the demand as a possible motive for her complaint. SOF 125. Before Doe addressed the board the chair reminded members to "remember that part of the deliberations is sanctions." SOF126.  But she did not object or squelch the discussion when it turned to supposedly "weird" behavior of Doe after the incident. SOF 123.

For these and other reasons apparent in Plaintiff's responses to the Defendants fact statement and in his statements, the plaintiff respectfully requests that the motion be denied.

                                                       Respectfully submitted,

                                                       Plaintiff, John Doe
                                                      By his Attorneys,

                                                      */s/ Robert A. Scott*
                                                      Hector E. Pineiro, BBO # 555315
                                                      Robert A. Scott, BBO # 648740
                                                      Law Office of Hector E. Pineiro, PC.
                                                      807 Main Street
                                                      Worcester, MA 01610
                                                      Tel. (508) 770-0600
                                                      robin@pineirolegal.com

DATED: January 3, 2022